UNITED STATES COURT OF APPEAL
FOR THE NINTH JUDICIAL CIRCUIT

| | |
|---|---|
| LYCURGAN, INC., a California corporation, d/b/a Ares Armor,<br><br>Plaintiff,<br><br>vs.<br><br>TODD JONES, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives.<br><br>Defendant. | Case No.15-55228<br><br>Appeal from U.S. District Court for the Southern District of California<br><br>Case no. 14cv1679 JAH JLB |

RESPONSE TO ORDER TO SHOW CAUSE WHY APPEAL SHOULD NOT BE DISMISSED; DECLARATION OF SCOTT A. MCMILLAN IN SUPPORT THEREOF

## The McMillan Law Firm, APC

Scott A. McMillan, Esq. / CBN 212506

Michelle D. Volk, Esq. / CBN 217151

4670 Nebo Drive, Suite 200

La Mesa, CA 91941-5230

Tel (619) 464-1500 x 14

scott@mcmillanlaw.us

Attorneys for Plaintiff, Appellant

Lycurgan, Inc.

Plaintiff and Appellant Lycurgan, Inc., responds to this Court's order to Show Cause why the appeal should not be dismissed, as follows:

The background of the case is as follows:

Agents from the Bureau of Alcohol, Tobacco and Firearms Enforcement obtained a search warrant authorizing them to search Lycurgan's premises. On March 15, 2014, the BATFE agents seized documents and plastic items – unfinished polymer AR-15 lower receivers – specifically 5,814 of those items. After seizing the items the BATFE provided notice of intent to commence forfeiture proceedings. Lycurgan filed a claim, and demanded that the forfeiture proceedings take place in District Court.

Rather than commence the forfeiture proceedings, the BATFE withdrew its statement of intention to commence forfeiture proceedings and stated that the items would be held as evidence in pending criminal proceedings. No criminal proceedings were brought.

Lycurgan sued to compel the judicial forfeiture proceedings. The BATFE then returned most, but not all, of the polymer unfinished receivers. After the BATFE indicated that it would return the polymer unfinished receivers, the District Court granted dismissal of the case.

The BATFE has not returned all of the unfinished polymer receivers. Lycurgan is entitled to recover all of its property.

The procedural chronology of the underlying case is as follows:

1. July 16, 2014, Lycurgan files its complaint against Todd Jones, as Director of the Bureau of Alcohol, Tobacco and Firearms Enforcement ("BATFE").

2. On December 17, 2014, the District Court dismisses the "claim" for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

The dismissal is without prejudice. [ECF 19.] The same day the Clerk's judgment is entered, dismissing Plaintiff's case without prejudice. [ECF 20.]

    3. On January 14, 2015, Plaintiff / Appellant Lycurgan files a motion for new trial. [ECF 21.]

    4. On February 9, 2015, Plaintiff / Appellant Lycurgan notices an appeal to the Court of Appeals to the Ninth Circuit. [ECF 24.]

    5. On March 5, 2015, the Ninth Circuit issued its order requesting a response as to Appellant's intentions regarding the appeal following the District Court's disposition of the new trial motion.

    6. On June 11, 2015, the District Court **denied the new trial motion, but granted Plaintiff / Appellant leave to file an amended complaint**. [ECF 33.]

    7. On July 1, 2015, Plaintiff / Appellant Lycurgan filed its First Amended Complaint. [ECF 34.]

    8. On July 12, 2015, Plaintiff / Appellant Lycurgan filed its Amended Notice of Appeal. [ECF 37.]

    9. On August 5, 2015, the BATFE moved to dismiss for lack of jurisdiction. [ECF 39.]

## DISCUSSION

The opening paragraph of the BATFE's motion to dismiss states, in pertinent part, as follows:

> Following this Court's order dismissing Plaintiff's complaint, Plaintiff has filed (1) a Notice of Appeal, (2) an amended complaint, and (3) an Amended Notice of Appeal. But Plaintiff cannot simultaneously litigate this case in both this Court and in the Ninth Circuit. Plaintiff's Notices of Appeal transferred jurisdiction over this case to the Ninth

Circuit. Indeed, this Court did not even have jurisdiction to allow Plaintiff to file its amended complaint. The Court therefore should dismiss Plaintiff's amended complaint under Fed. R. Civ. P. 12(b)(1).

If jurisdiction is somehow retained by this Court, Plaintiff's amended complaint should then be dismissed for another reason: the relief that Plaintiff's amended complaint seeks – return of property – is now moot. The Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) has returned all EP80 lower receivers in its possession to Plaintiff. In sum, by virtue of Plaintiff's Notices of Appeal, jurisdiction over this case now lies in the Ninth Circuit. . . .

* * *

[ECF 39-1.]

As to the jurisdictional argument the Government's point is well taken: only one court can have jurisdiction. This has been a lurking issue since the District Court denied the new trial motion yet granted leave to file an amended complaint.[1]

However, it cannot be suggested that *neither* of the two courts – the District Court and the Court of Appeals – have jurisdiction. One court or the other must have jurisdiction.

The last thing that Plaintiff / Appellant Lycurgan wants is to end up with a dismissed appeal and no right to pursue the litigation in the District Court. The ambiguous orders have caused confusion. Only by way of an

---

[1] In all candor, Lycurgan's counsel was at a loss as to how to respond to the Court order of March 5, 2015 in light of the apparent jurisdictional issue. [Declaration of Scott McMillan]

order from this court can such a result – placing Lycurgan entirely out of court – be avoided.

A district court order dismissing the "complaint" is not a final appealable order unless the circumstances clearly indicate that the court intended to terminate the litigation. *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F3d 979, 983 (9th Cir. 2000).

Here, as in *Knevelbaard*, the clerk marked the case terminated. *Knevelbaard*, *Id.*, 983. That is one indication that the District Court intended to terminate the litigation. *Id.*

Here, the District Court dismissed the "claim" rather than the "action." [ECF-19, p. 7.] But, the District Court also stated that it "does not have jurisdiction to hear this case." [Id.]

The closing words of the District Court's order state:

"For the reasons stated above, the Court GRANTS Defendant's

MTD and dismisses Plaintiff's claim without prejudice."

[ECF 19, p. 7.]

If the District Court's order [ECF 19], and resulting initial judgment [ECF 20], was not a final order as suggested by the words "without prejudice" and "claim", then the appeal initially noticed was not from a final order and the District Court could properly allow an amended complaint and continue on with the litigation. "In determining whether the district court's ruling was a final, appealable order, we focus on what effect the court intended it to have, rather than the label placed upon it." *Montes v. United States*, 37 F.3d 1347, 1350 (9th Cir. 1994)

In *Montes v. United States*, 37 F3d 1347 (9th Cir. 1994), this appellate court confronted a similar circumstance. Albeit, it arose from the analysis of two judgments – the first one in which no appeal had been

noticed. The plaintiff timely noticed an appeal from the second judgment. In *Montes*, the Court determined whether appellate jurisdiction existed on the appeal from the second judgment because if the first judgment was final, the District Court lacked jurisdiction to continue under the "law of the case." *Id.*, 1349-1350.

In *Montes*, the district court had entered an order with the following language suggesting that the court may have intended to dismiss the entire action:

> "IT IS ORDERED AND ADJUDGED that the court finds that the United States is immune from liability for the plaintiff's injuries and thus orders the complaint and the underlying action dismissed for lack of jurisdiction, without prejudice."

*Montes v. United States*, 37 F3d 1347, 1350 (9th Cir. 1994).

Clearly, the language in *Montes* was broader and left little room for ambiguity. *Id.*. However, after entry of that order, the "first" judgment, the District Court in *Montes* accepted a stipulation from the parties and entered another order allowing the filing of an amended complaint. The Ninth Circuit Court of Appeals reasoned:

> We find the timing of the Stipulation/Order to be of particular importance to the issue of the trial court's intent. Because it was entered after the dismissal "without prejudice" in the First Judgment, we conclude that the First Judgment was not intended to be a final and appealable order. Taken together, the combined effect of the First Judgment and the Stipulation/Order was to grant the plaintiff leave to amend his original complaint. Accordingly, we conclude that the First Judgment was not a final and appealable order. Thus, appellate

jurisdiction is not improper because the plaintiff's notice of appeal was timely with respect to the Second Judgment. *Montes v. United States*, 37 F.3d 1347, 1351 (9th Cir. 1994).

But, here, the language by this District Court "[f]or the reasons stated above, the Court GRANTS Defendant's MTD and dismisses Plaintiff's claim without prejudice" is even a less definite indication that the District Court intended to dismiss the entire action than in *Montes*. The District Court's later granting Lycurgan leave to file an amended complaint strongly suggests that this District Court did not intend to create a final order from which appellate jurisdiction could spring.

Appellant Lycurgan submits that by the District Court's ruling of June 11, 2015 the District Court clarified that it order of December 17, 2014 was not intended as a final order. The ruling granting leave to file the amended complaint was not improper or extra-jurisdictional as the Court of Appeals lacked jurisdiction despite the filing of Lycurgan's notice of appeal – the order of December 17, 2014 – was not *intended* as final.

Appellant Lycurgan has assiduously avoided being found in the position of the Plaintiff in *Montes*: on tenterhooks – gambling that the December 17, 2014 judgment was not a final order, and thereby allowing its time to appeal to lapse.

Alternatively, although the District Court denied the new trial motion, it clearly intended to allow the case to proceed. [ECF 33.] Thus, the substantive language of the order that conflicts with the label that the court placed on its order should control. Despite the court "denying" the relief sought – i.e., a new trial, the District Court granted relief resulting in reinstatement of the case. [ECF 33.]

## CONCLUSION

For the foregoing reasons, to the extent that this Court determines that either (a) the December 17, 2015 order was not a final order and thereby the District Court had juridiction to allow the amendment of the complaint, or (b) the order denying new trial actually served as an order granting new trial or reconsideration – which the District Court properly had jurisdiction to grant, the Court should dismiss the appeal.

To the extent that the Court finds that the District Court lacks jurisdiction to continue either because the December 17, 2014 was intended as a final order, or because the literal "denial" of the motion for new trial resulted in a denial rather than a reinstatement of the case, the court should **not** dismiss the appeal.

Either way, Appellant Lycurgan respectfully requests that the Court enter its order in a manner that will leave no question as to which court has jurisdiction over this matter.

Dated: September 8, 2015

Respectfully submitted,

**THE MCMILLAN LAW FIRM, APC**

/s/ Scott A. McMillan
_____
Scott A. McMillan
Lycurgan, Inc. d/b/a Ares Armor
Appellant herein.

# DECLARATION OF SCOTT A. MCMILLAN

I, Scott A. McMillan, declare:

1. I am an attorney at law duly admitted to practice before this Court, and am the principal of The McMillan Law Firm, APC. I am counsel of record for Appellant, Lycurgan Inc. in the District Court and responsible for the appeal before this Court.

2. I was unable to respond in the time ordered by the Court in it March 5, 2015 order as I did not want to dismiss the appeal and find that the District Court lacked jurisdiction to continue, and thereby leave Lycurgan without any recourse. The language of the order denying the new trial but allowing the filing of a complaint caused me concern and has required research to address.

I declare under the penalty of perjury that the foregoing is true and correct and that this declaration was executed on September 8, 2015, at the City of La Mesa, County of San Diego, California.

/s/ Scott A. McMillan

_____

Scott A. McMillan

15-55228            **RESPONSE TO ORDER TO SHOW CAUSE**
            **RE DISMISSAL OF APPEAL**                        9

*Lycurgan, Inc. v. Todd Jones, etc.*

United States Court of Appeals for the Ninth Circuit

Appellate Court Case No.: Case No.15-55228

District Court Case No.: 14cv1679 JAH JLB

## CERTIFICATE OF SERVICE

**When All Case Participants are Registered for the Appellate CM/ECF System**

I am employed in the county of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 4670 Nebo Drive, Suite 200, La Mesa, CA 91941.

I, the undersigned, hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on September 8, 2015.

1) RESPONSE TO ORDER TO SHOW CAUSE WHY APPEAL SHOULD NOT BE DISMISSED; DECLARATION OF SCOTT A. MCMILLAN IN SUPPORT THEREOF

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Michelle D. Volk

Dated: September 8, 2015  _____

Michelle D. Volk